IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

VS.                              CASE NUMBER: 3:06CR205-MEF

HENRY ERIK YAPIAS,
    Defendant.

## MOTION FOR DOWNWARD DEPARTURE

    COMES now, the Defendant, HENRY ERIK YAPIAS, by and through CJA Panel Attorney SYDNEY ALBERT SMITH, files herein a motion for a downward departure pursuant to §5K2.13 of the Federal Sentencing Guidelines for Diminished Capacity, and cites as grounds therefore as follows:

    1. The Defendant plead guilty and was adjudged guilty for possession of a firearm by a convicted felon, 18 U. S. C. §922(g)(1).

    2. The offense conduct established that Yapias was stopped for a traffic stop, was acting nervous, and was asked to exit the vehicle after the officer observed a box of shotgun shells on the seat. Mr. Yapias ran from the officer, was apprehended, his vehicle searched and a short barrel Winchester 12 gauge shotgun was found between the driver's seat and the center console. Mr. Yapias was on probation for a felony drug offense.

    3. Mr. Yapias was sent to the Federal Medical Center, Fort Worth, Texas on March 1, 2007, for evaluation. On April 13, 2007, a report was prepared for the Court that gave Yapias a primary diagnosis of Schizophrenia, Paranoid Type.

    4. Mr. Yapias' neuropsychological functioning assessment found that his verbal memory

and learning was in the 2nd percentile. This indicated that his ability to learn and retain knowledge was very poor. His testing was indicative of verbal and visual constructional memory deficits, which, in turn, would impact his learning.

5. The Federal report also stated that while Yapias' primary diagnosis is Schizophrenia, Paranoid Type, the diagnosis was difficult to determine because his primary disorder may be influenced by secondary organic impairment from both head trauma and long-term substance abuse.

6. Mr. Yapias' history indicates that he begin drug use at age 14. He has lived on his own, excepting when hospitalized or incarcerated, since he was 16.

7. Mr. Yapias' first known psychological testing was done when he was about 14. The test results determined a significant pattern of learning disability underscoring his receptive and expressive developmental language disorder.

8. Mr. Yapias' history also indicates that he suffered head injury in an auto accident in 2001.

9. The Policy Statement to §5K2.13, Application Note states, "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power or reason; or (B) control behavior that the defendant knows is wrongful. The Policy statement also states that, "[T]he court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants...."

10. Mr. Yapias' is indisputably paranoid, and a drug user. He is indisputably a diagnosed Schizophrenic. He has a learning disability. He does have a long, long history of drug use.

11. Counsel poses the question analogous to, "Which came first, the chicken or the egg?" Was Mr. Yapias impaired before he begin taking drugs or because of his taking drugs? Considering

his mental status as early as age 14, was his drug taking then or at the time of his arrest "voluntary" or a compulsion he couldn't cope with or resist? Was his capacity to control his behavior significantly reduced sufficient to ameliorate his sentence?

12. The facts of this case and the evaluation of the defendant support the authority of the Court to grant a downward departure for Diminished Capacity. The bar on granting a departure due to drug use, **in this case** should not be applied as the defendant's use was not voluntary but compulsive.

PREMISE considered, this Honorable Court is requested to consider an appropriate downward departure. The Government is expected to object to this request.

Respectfully submitted this August 14, 2007.

> S/Sydney Albert Smith
> Sydney Albert Smith
> ASB-3560-H70S
> Attoney at Law
> P. O. Drawer 389
> Elba, AL 36323
> Phone:     334-897-3658
> Fax:        334-897-3658
> sydneyalbertsmith@charter.net

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

Chris Snyder, Assistant Unites States Attorney

> S/Sydney Albert Smith
> Sydney Albert Smith
> ASB-3560-H70S
> Attorney at Law
> P. O. Drawer 389
> Elba, AL 36323
> Phone:       334-897-3658

Fax: 334-897-3824
sydneyalbertsmith@charter.net