IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 3:06-CR-204-MEF |
| ) | |
| HENRY ERIK YAPIAS    ) | |

**United States Response in Opposition to Motion for Downward Departure**

Defendant Henry Erik Yapias's Motion for Downward Departure for Diminished Capacity should be denied. Although Yapias apparently does have a significantly reduced mental capacity, he does not qualify for this departure because his significantly reduced mental capacity did not contributed substantially to the commission of the offense. Moreover, he does not qualify (1) because the offense in this case involved a serious threat of violence and (2) because of his criminal history. His motion should therefore be denied.[1]

**1.    No Link Between Diminished Capacity and Offense.**

First, Yapias does not qualify for a diminished capacity departure because his reduced mental capacity did not contribute substantially to the commission of the offense. In order to warrant a departure, the offender's diminished capacity must be linked to the commission of the offense.[2] Nowhere in the Bureau of Prison's psychological report, in any of Yapias's

---

[1] Nevertheless, were the Court decide that a departure would be necessary, the United States would suggest the departure should be limited, given the limited extent to which contributed to the commission of the offense. *See* U.S.S.G. § 5K2.13 (noting that "the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.")

[2] *See United States v. Miller,* 146 F.3d 1281, 1285 (11th Cir.1998); *United States v. Steele,* 178 F.3d 1230, 1240 (11th Cir.1999) (providing an example of linked testimony and noting that "[b]ecause the facts did not sufficiently link the disorder to the offense, no § 5K2.13 departure was appropriate."); *see also United States v. Roach*, 296 F.3d 565, 570 (7th Cir.2002) (downward departure vacated and

prior statements, or in the Presentence Investigation Report (PSI), however, is there anything to suggest that Yapias's significantly reduced mental capacity substantially contributed to the commission of the charged offense–felon in possession of a firearm.[3] As a result, the Court may not grant a downward departure for Yapias based upon his significantly reduced mental capacity.

> **2.    The Facts and Circumstances of Yapias's Offense in this Case Involved a Serious Threat of Violence.**

Additionally, a diminished capacity departure is not authorized because of the facts and circumstance of Yapias's offense. Sentencing Guidelines § 5K2.13 prohibits a court from downwardly departing "if the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved a serious threat of violence . . . ."[4] In this case, Yapias was stopped for a traffic infraction.[5] After Lee County Sheriff's deputies noticed a box of shotgun shells on the passenger seat and noticed Yapias acting

---

remanded for resentencing because the impairment must have affected the person's ability to control behavior "at the time of the offense.").

[3] *Compare with United States v. Riggs*, 370 F.3d 382, 383-87 (4th Cir. 2004) (Defendant, because of his schizophrenia, thought that he was an undercover police officer and that people were trying to hurt him. To protect himself at a traffic stop, he possessed a gun); *see also supra* Part 2.

[4] A 1998 amendment to §5K2.13 directs the Court to consider "facts and circumstances of the defendant's offense." *See* U.S.S.G. App. C, Amend. 583. Previously, in this Circuit the Court could only consider whether the charged offense was considered a crime of violence under U.S.S.G §4B1.2. *See United States v. Dailey*, 24 F.3d 1323, 27 (11th Cir. 1994).

[5] *See* PSI at ¶ 7.

nervous, he was requested to exit the vehicle.[6] Yapias exited and then attempted to run.[7] Yapias was tackled and arrested.[8] Police then found a sawed-off shot gun between the driver's seat and the center console.[9]

This case is similar to *United States v. Riggs.*[10] In *Riggs,* the defendant was stopped for a traffic stop.[11] After the vehicle was stopped, the officer observed Riggs clutching the left side of his jacket.[12] The officer asked Riggs to show his hands, but Riggs refused and continued to clutch his jacket.[13] The officer subsequently stepped back from the vehicle and waited for back-up officers to arrive.[14] When the back-up officers arrived at the scene, they ordered Riggs to exit the vehicle.[15] Riggs complied, and a pat-down frisk resulted in the discovery of a .22 revolver in Riggs's jacket.[16] Riggs, like Yapias, suffers from paranoid

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] 370 F.3d 382, 383-87 (4th Cir. 2004).

[11] *Id.* at 383

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

schizophrenia.[17] At the time of his arrest for the firearm offense at issue, Riggs, like Yapias, was not taking any medication.[18] Riggs, unlike Yapias, thought that he was an undercover police officer and that people were trying to hurt him because of his schizophrenia.[19]

Riggs, like Yapias, was convicted of being a felon in possession of a firearm. On appeal, the Fourth Circuit held that "the facts and circumstances of Riggs's offense . . . involve[d] a serious threat of violence."[20] In so concluding, the Court noted the following:

> Riggs's refusal to obey the officer's order, while at the same time clutching his jacket, created a highly volatile situation that could have erupted in violence. Moreover, Riggs thought that he was an undercover police officer and that people were trying to hurt him. These facts suggest, if anything, that Riggs was prepared to use the firearm, exposing the officers and the public to potential harm.[21]

Similarly here, Yapias possessed a sawed-off shotgun within his quick reach. His nervous behavior, attempts to flee combined with the availability of a saw-off shot gun and ammunition created a volatile situation that could have erupted in violence. Due to this serious threat of violence, the Court may not therefore grant Yapias a departure due to diminished capacity.

---

[17] *Id.* at 384.

[18] *Id.*

[19] *Id.* at 386.

[20] *Id.* at 385.

[21] *Id.*

### 3. Yapias Has a Lengthy Criminal History.

Finally, a diminished capacity departure is not authorized because of Yapias's criminal history. Sentencing Guidelines § 5K2.13 prohibits a court from downwardly departing based upon a diminished capacity if a defendant's "criminal history indicates a need to incarcerate the defendant to protect the public." Yapias is a 26 year-old man who already has a Criminal History Category of V based upon distribution and possession of controlled substances.[22] As a result, he does not qualify for a diminished capacity departure.[23]

Respectfully submitted this the 13th day of September, 2007.

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
christopher.a.snyder@usdoj.gov

---

[22] *See* PSI at ¶¶ 21-26.

[23] *See, e.g.*, *United States v. Larivee*, 105 Fed.Appx. 737, 739 (6th Cir. 2004) ("[D]efendant's extensive criminal history-which includes four driving-under-the-influence offenses, two attempted larcenies, one completed larceny, one retail-fraud offense, one assault with a dangerous weapon offense, and one receiving-and-concealing property offense-shows "a need . . . to protect the public . . . ."); *United States v. Cline*, 33 Fed. Appx. 711 (6th Cir. 2002) (in a case where the defendant had a Criminal History Category of V, the court found that defendant's criminal history indicated a need to incarcerate her to protect the public); *United States v. Davis*, 264 F.3d 813 (9th Cir.2001) (refusal to depart upheld; defendant's criminal history as a chronic bank robber with a propensity for violence demonstrated a need to protect the public).

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Sydney Albert Smith.

                                             /s/ Christopher Snyder
                                             CHRISTOPHER A. SNYDER
                                             Assistant United States Attorney